Manufacturers' Supply Co., Inc. *vs.* Adolph W. Alsfeld.

NOVEMBER 12, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J.    This is an action on book account based on a promissory note.   The case was tried on defendant's pleas of the general issue and the statute of limitations before a justice of the superior court, sitting without a jury, who rendered a decision for the defendant.   It is here on plaintiff's exception to that decision.

The trial justice based his decision chiefly on the ground that defendant had proved his plea of the statute of limitations.   He also found that plaintiff, who claimed that defendant had revived the note by a new promise, had failed to prove such promise.   On the contrary he expressly rejected the testimony of plaintiff's witnesses on that issue and accepted the testimony of defendant.   If that conclu-

sion is supported by the evidence it becomes unnecessary to pass upon the other contentions as to points of law.

Under his exception plaintiff now contends that such decision is contrary to law and against the evidence and the weight thereof. It appears from the evidence that the note was made on January 25, 1929; that shortly thereafter two payments of $25 each were made on the principal; that there were no further payments thereon; and that no interest was paid. However, two witnesses testified for the plaintiff that on November 20, 1950 defendant had stated to them that he would pay the note after "Christmas time." The defendant positively denied that he had ever made such a statement and he further testified that he never promised to pay the note after it had become barred by the statute.

From our examination of the transcript we are of the opinion that the evidence presented a pure question of fact determinable almost entirely upon the credibility of the witnesses on the issue whether defendant had made a new valid promise which revived the note notwithstanding the bar of the statute. In reaching his decision the trial justice first passed upon the credibility of the witnesses. After expressly stating that he accepted the testimony of the defendant he rendered a decision in his favor. We have found nothing in the transcript which would justify us in setting aside the decision. In such circumstances we cannot say that it is clearly wrong or that it is otherwise erroneous as a matter of law.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Aram K. Berberian,* for plaintiff.

*William B. Sweeney,* for defendant.